**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO:** 26-11325 |
| VERONICA ROYAL,<br>KINZIE FAULK, III, | §<br>§<br>§ | **CHAPTER 13** |
| **DEBTOR(S).** | §<br>§ | **SECTION A** |

**ORDER CONFIRMING CHAPTER 13 PLAN**

Upon proper notice and the opportunity for hearing on 11/4/2026, with no objection having been filed or all objections having been withdrawn or overruled, the Court finds that the plan filed in this case, as amended, [ECF Doc. 4], complies with 11 U.S.C. § 1325; therefore:

**IT IS ORDERED THAT:**

1. This Court has jurisdiction to confirm the plan under 28 U.S.C. § 1334(b). The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. The plan is confirmed, and that the Debtor(s) shall make payments to the Chapter 13 Trustee and to any other parties according to the terms specified in the plan.

3. The amounts specified in the plan payable to secured or priority claimants will be: 1) the amount allowed by the Court upon the timely filing of a proof of claim in compliance with 11 U.S.C. § 501(a) and Bankruptcy Rules 3001 and 3002 after objections, if any, have been resolved; or 2) the amount allowed upon the filing of a proof of claim by the debtor or trustee on behalf of a secured or priority creditor pursuant to 11 U.S.C. § 501(c) and Bankruptcy Rule 3004 after objections, if any, have been resolved.

4. The filing of a proof of claim on behalf of a claimant by the Debtor(s) or the Chapter 13 Trustee shall not constitute an admission of the existence, nature, or amounts due or any security for the claim, nor shall the filing of a proof of claim by the Debtor(s) or the Chapter 13 Trustee waive any right to object to same.

5. Any creditor holding an allowed secured claim provided for by the plan shall retain the lien securing such claim until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328. If this case is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law as provided for by under 11 U.S.C. § 1325(a)(5)(B)(i).

6. All proceeds from the sale of property, proceeds from lawsuits or settlements, or tax refunds payable to the Debtor(s) shall be turned over to the Chapter 13 Trustee for administration.

7. The Debtor(s) shall provide the Chapter 13 Trustee, at least once every six months until the case is closed, a report of the status of any pending or potential lawsuit in which the Debtor(s) is/are may be a plaintiff.

8. The Debtor(s)' Certification of Completion of Post-Petition Instructional Course Concerning Personal Financial Management (Official Form 23) is due no later than the date when the last payment is made by the Debtor(s) as required by the plan or filing of a motion for a discharge under 11 U.S.C. § 1328(b).

9. Paragraph 4.1 of the plan is modified as follows: Debtor(s) shall file both Federal and State Income tax returns timely. Debtor(s) shall provide a copy of same to the Chapter 13 Trustee immediately after filing. Debtor(s) is/are allowed to retain the Earned Income Credit (EIC) portion of any refund, if claimed as exempt on Schedule C. Per the Fifth Circuit's holding in *Diaz v. Viegelahn (In re Diaz)*, 972 F.3d 713 (5th Cir. 2020), below-median debtors may retain any amount of tax refunds that are deemed by the Court to be used to finance reasonably necessary expenses for their maintenance and support.

10. Based on Debtor(s)' Schedules I and J, the Debtor(s)' monthly expenses are $ 0 below the standard for allowed monthly expenses under 11 U.S.C. § 1325. As a result, Debtor(s) is/are authorized to retain up to $ 0 in tax refunds (after deducting any exempt funds earned as Earned Income Credit) without further Order of the Court.

**IT IS FURTHER ORDERED**:

☐ Pursuant to 11 U.S.C. § 1325(b), the Court has determined the value of the secured claim of

to be $ . Creditor shall amend its proof of claim within 30 days to reflect that amount.

☐ Pursuant to 11 U.S.C. § 1325(b), the Court has determined the value of the secured claim of

to be $ . Creditor shall amend its proof of claim within 30 days to reflect that amount.

☐ Pursuant to 11 U.S.C. § 522(f), the lien in favor of

recorded in the Parish of Louisiana, on and identified as

is to be treated as wholly unsecured for purposes of plan distribution. Upon completion of the Debtor(s)' plan and entry of the Order of Discharge, the Debtor(s) may submit a certified copy of this Order along with a copy of the Order of Discharge to the Clerk of Court/Recorder of Mortgages for the Parish of , Louisiana to cancel and release the lien held by the aforementioned creditor to the extent that it impinges on the Debtor(s)' statutory homestead exemption.

☐ Creditor withdrew its objection to confirmation of the plan. Creditor shall amend its proof of claim within thirty (30) days of this Order to confirm its treatment in Debtor(s)' confirmed plan.

☐ The Debtor(s)' plan must reflect 100% distribution to general unsecured creditors and must remain so for the duration of this case for the following reason(s):

**IT IS FURTHER ORDERED** that the Debtor is instructed to service this order by first-class U.S. Mail on all parties in interest who will not receive electronic notice via this Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rules and file a certificate of service within three (3) days.

New Orleans, Louisiana, November 12, 2026

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE